Good morning, everyone. We have four cases on the calendar today, two of which are on submission, and I understand that counsel are present in both of those cases. So, we can go ahead and get started. The first case on the calendar for today is number 21-2670, Bernstein v. New York City Department of Education. May I remove the mask? Oh, masks are optional at the podium. Okay, may I begin? Mr. Glass, whenever you're ready. Good morning, may it please the Court. My name is Brian Glass. I'm the attorney on behalf of Steven Bernstein, who is a former New York City gym teacher, tenured, and this is an being given that the motion to dismiss was granted after a chance to amend it and discovery, we were in the middle of discovery. We had commenced, we had the deposition of the principle scheduled, we had exchanged some written discovery, and after the, while the motion to dismiss was pending, we believe that there was more than sufficient facts at least to get to a lineman's decision, and we tried to clarify the points that he was concerned about as far as having a sufficient basis to proceed, and I believe we did under the law that we understood, which, you know, for disparate treatment claims, it comes down to typically comparative evidence of similarly situated teachers, and in the amended complaint, we did in fact add more details about his replacement, about the similarly situated gym teacher and how he was treated quite similarly. We also talked about comments, that's the other type of evidence that's usually relevant in these disparate treatment claims for age discrimination. Counselor, may I ask, one of the things you allege was that your client received lower performance reviews than Reed, but that's not all that's there, right? Like part of what you need to establish is that they performed equally, and yet he still received lower. Is there any evidence like that in the record? Well, again, this is a pleading stage, so we really didn't have the opportunity to establish that because we did plead that Mr. Reed was engaged, he was a gym teacher, he had similar observations. In fact, Mr. Bernstein was there during those observations, but in a pleading, it's very difficult to do that. It does appear that might be appropriate in a summary judgment to decide if they're similarly situated, but I think the problem with this case procedurally is that we would like the opportunity to finish discovery and then put our case in, you know, with all the evidence, and that's an evidentiary question that the judge is drawing conclusions on, just saying you haven't created sufficient pleading. I think this also, the standard creates trouble because you're going to have a situation where a plaintiff is almost inclined to stretch the facts. For example, you might not know the age of your teacher in a school, so until you get discovery from the Board of Ed, you're not going to necessarily know the ages of your comparators unless you get that through document discovery. So there's certain facts that make this very difficult without having the ability to flesh out the record, and I think Judge Lyman understood. Isn't it part of, I mean, when you're talking about things that, you know, you may not know the age of your comparators, if you're alleging age discrimination, inherent in that is that you're saying that age was a but-for factor, and so the idea that you shouldn't be responsible for alleging some kind of information about your comparators, even at the pleading stage, that doesn't seem, I guess I'm... Well, yes, we did do research, in fact, there were two other teachers at the school who had, we brought cases that, in fact, on behalf of two other teachers at the school, and the fact that they knew things anecdotally, we used, you know, to our advantage. We actually knew, actually, he was, he knew the name of his replacement because another teacher knew that. So, and it's interesting, those two other cases... Let me just ask you, for example, if his replacement, let's say, it turns out, is two years younger than he is, that's a problem, isn't it? That could be, but this is someone who we knew was like 30 years younger than him. He was retiring, and they brought in someone who, and that was actually one of the cases, I think, cited that widely, where the person was actually older that replaced him. So, yes, it would be some relevance, but you're going to know from common sense, and just if someone is much younger than you, you're going to know the older teacher. So, he had a lot of anecdotal evidence in this case, more than most plaintiffs actually do, and it's also just, we'd like to note that in the other two cases, Heroin and Murray, we brought, I mean, Judge Moskowitz, almost on a very virtual, identical fact set, this is not appropriate for motion to dismiss and let us proceed, and even in Heroin, which had a restrictive standard, we also got to the summary judgment stage. So, you know, I believe there's more than enough evidence. Again, this is just pleadings, and this is not, this is just not what our knowledge of from our research of our case, but at the summary judgment, when we have to introduce to the district court all the evidence, the transcripts, sworn testimony, that's different, but here, I believe the judge engaged in evidentiary fact finding that is not really appropriate, and in addition, we also have a hostile work environment claim also, which comes down to fact-sensitive issues, and again, it's a tough standard. We recognize that, but there are plenty of cases that we've cited, Walsh, Murray, U.S. versus DOE, that suggest that, you know, again, at the pleading stage, it's just too premature to make that judgment. I'm sorry, can I ask with respect to the hostile work environment case, do we need to make a connection between what it is that you alleged and the hostile work environment? For example, is, are you alleging that the negative performance reviews were the hostile work environment, or are you alleging it was the comments about retirement that led to the hostile work environment? I'd appreciate some help, how your facts are fitting together to form the basis of that claim. Well, it was someone who was subject to years of, who was a very effective teacher for years, had no issues, and all of a sudden was subject to a pattern of hostile events that was beyond just observations and included disciplinary letters. He was threatened with corporal punishment. That's part of the reason he left, was that he was all of a sudden accused of something much more harsh. He was being denied pay. He was taken out of his duties. He was, so I guess the cases that you'll see on hostile work environment look at sort of the, how severe and pervasive it is, and what a reasonable person find this to be, you know, so hostile that you might leave the job. Okay, so your, your allegations at the basis of the hostile work environment are things like the negative review. That's part of it, but there's a lot more than that in this case, and I think we have a laundry list in the brief of about 10 or 12 different things that happened. I saw those. I'm just, it would help if you could explain the connective tissue between that and age and how that relates to the allegation of hostile work environment. Well, there were comments made about asking to retire, and when, and this, this principal had a pattern of this, if you look in the other cases as well, he had sort of a way he would do it. He would say to a teacher, you're going to retire, you're going to leave, you're going to leave, and these teachers have, have a hard time leaving because they're older. It's not so easy to find another position in the system, and so when they don't leave, he builds a case. So it's like an intentional creation of a record. So before, you may never had a disciplinary letter to your file. All of a sudden, you have a disciplinary letter to your file. All of a sudden, your job duties are being taken away. You're, you're given health instead of gym. All of a sudden, you're, you know, I'm not, you're not approving leaves. These are all sort of the pattern of after he's saying to someone, when are you going to retire, when are you going to retire, and he did this to 10 teachers at the school. We have 10 names in this complaint. I mean, it's not that this is not unique to what he was doing. He was following this pattern in every case. Now, some judges have found this to be worthy of proceeding, and we've actually had a successful result in one of the cases I mentioned. May I ask another question? I was very interested in the, in the 10 teachers fact. That's a, that's a good fact for you. One of the questions that I had was, is there any evidence that those were disproportionately older? In other words, were 40 teachers leaving, and these are 10 that you knew of? Is it just, how do we know that it's not just a principal trying to clean house and start new and create a new vision? Again, I believe that would be part of a discovery as well. I mean, again, I'm not going to have all that evidence. These are individuals who anecdotally are speaking to each other and are just conveying what they're experiencing at the school. But, you know, again, that's something I could ask for in discovery to show this pattern. I believe it's true because I believe, you know, just anecdotally, we know what was happening, and we know that, you know, we've talked to several of these teachers. And so, again, I'm not going to have perfect evidence at the pleading stage. That's why we have discovery, and that's why if we've stated enough of a claim, we'd like to proceed. And look, we may win or lose. I acknowledge that. These are, these are tough cases, but I do feel like we should be able to put in the sworn testimony, get the discovery we need, and then the judge can make a fair assessment of all the evidence. And I think that's most of what most judges in this circuit will do. I think this was, this came out very procedurally, sort of. I mean, why would he even have us proceed with discovery if we haven't sufficiently stated a claim? So I know the Second Circuit has warned judges to allow people to amend complaints before they, you know, even before they address a motion to dismiss. But procedurally, why would you start discovery and then say you don't have sufficient pleadings? That's the whole purpose of weighing the pleadings. So, and so I think both of these are fact sensitive. Disparate treatment and hostile workmen are very difficult. We have a lot of cases that we've brought and have helped others on these cases, and it really does seem to be very case by case for the judge and the judge's, you know, viewpoint on these cases. And so they become very, very fact sensitive. It also seems to depend on the decision maker. But it would be helpful to have some kind of standard, at least in a case like this, to say, look, we don't want to prematurely dismiss cases. We want to give let them develop the record and then let them do the work on the summary judgment. It's not, the judge doesn't have to be all that involved in discovery. It's not that burdensome on the court. The parties work out the discovery primarily between themselves. And this is one of those cases that I think there's more than sufficient pleading to let us try to prove the case. And then if we can't, you know, if we fail on some of the things you mentioned, I believe, you know, summary judgment could be appropriate. But I do think we have, you know, we need more, there's a lot of different evidence that you can piece together for the Mosaic and the McDonald-Douglas standards. Thank you. Mr. Osowski. May it please the court, Kevin Osowski on behalf of Epelese. Mr. Bernstein's amended complaint attempts to string together distinct incidents and perceived slights over more than allegations as threadbare and dismiss the amended complaint and this court should affirm. I'd like to make just a few points in response to Mr. Glass's argument on appeal. First, this court rejected very similar pleadings in Lively v. WAFRA where the plaintiff there failed to flesh out the same kind of bare bones allegations that were alleged here. And just specifically with respect to some of the ways in which these allegations fail, with respect to the comparators that the junior gym teacher that he alleges, I would note in the complaint he doesn't even specifically allege that the gym teacher is younger than he is, just that he is a junior gym teacher. We certainly don't need that kind of formalism though at the pleading stage, right? Junior isn't sufficient when he's also alleging younger in an age discrimination case a lot, right? I mean, you're not asking us to turn on something that petty and small, right? No, but the overall nature of the pleadings amount to the type of pleadings that say bad things happened to me at work, I am a member of this protected class, and therefore these things happened because of my protected class status. And that connective exactly the kinds of things like alleging that the, failing to allege that the junior gym teacher was significantly younger than he was instead of only a year or two, or that the replacement- Well, how old is Reed? Like, one of the things I, I mean, I, one of the things I found very interesting is usually people rebut, right? Usually they say someone is only x years younger, or we fired him, or we were glad to see him go, or he got the disciplinary because of x, y, and z, I know that you don't have to do this at this stage, but it would have been easy, right? Y'all were the ones with the data, so what- Yeah, I don't have an explanation as to why we didn't provide that information, but the onus is on the plaintiff in the initial, in the initial instance to make those kind of, the appropriate pleadings- Right, but you're asking us to find things like younger and junior is not sufficient, right? Like he is alleging at the, at a pleading stage that they're younger and junior. And that's, that's only with respect to the, the, the, the comparators that he's trying to draw, draw analogies to, and, and I would state as initial matter, most of the allegations that he includes in his amended complaint are untimely, or have, have no real connection to something that, that you could, you could tie to age-based discrimination, and within the amended complaint, he makes sort of a glancing reference to these other two cases, Murray and Harwood. Those cases have amended complaints that were able to get past the motion to dismiss stage, but they included significantly more facts, a very, a tighter connection to, with the allegations that were alleged and, and situations that would give rise to an inference of discrimination. Both of those cases involved allegations that the principal made statements that were about age, and those are the kind of statements that are not alleged in this amended complaint. There were repeated questions about retirement plans. Isn't that enough? Well, the, the connection between those retirement, no, your honor, and for, for two reasons. First of all, the, the questions about retirement happened in 2015. The allegations that he alleges form the ADA, the basis for the ADA claim happened in 2018, and he fails to connect those things, and in fact, in Mr. Bernstein's opening brief on page 16, he concedes that those kind of questions about, you know, when do you plan to retire, are the exact kind of things that happen between an employer and an employee, and help the employer plan for, for attrition, and unlike the cases that he relies on, like Walsh, where the, where the plaintiff was told numerous times to, quote, consider retirement. Here, the allegation is just that he was asked about retirement without any allegation about how he responded to that question or whether that question had a, a weightier tone to it. Okay, can I ask, if we assume, and I know that you dispute this, and there's certainly some case law supporting you, that the retirement questions were inappropriate. Let's just stipulate that. Would that be enough for, for causation? I don't think so, your honor, because of the attenuated connection between the, the allegations that he alleges that, that are the ADA, the basis of his ADA complaint, and these questions about retirement plans three years prior to. What about the fact that he had a good, or at least a, an unblemished work history prior to the onset of this new, this new principle? What, like, what about that in combination with the questions about retirement? I, I still think, your honor, that, that doesn't rise to the level to create that kind of inference of, of discrimination based on the things that he's alleging here, which is the docking of a sick day, refusal to sign medical leave, and, and a disciplinary notice, and some disciplinary letters. If the court has no further questions. I'm sorry, I do, I have one more question. Would, would you say that it would be a manifest injustice to your, to your client, should we decide that the court erred when dismissing with prejudice? No, your honor, and I think the, I won't say, I won't say whether it creates a manifest injustice. I think this court should, should affirm the dismissal, because Mr. Bernstein had an attempt to, he, first of all, he's been counseled this entire time. He's had the And in fact, he has, as he points out repeatedly, he has these other cases with amended complaints that were able to clear the bar of a motion to dismiss, but yet he failed to make the same kind of pleadings here in his amended complaint. Thank you, your honor. Thank you, counsel. Mr. Glass, you've reserved three minutes for rebuttal. And if you don't mind, I am interested why you didn't appeal the dismissal with prejudice and what you expect us to do about that. Dismiss the appeal without prejudice? Yep. I don't think we can actually do that. My understanding is with Second Circuit jurisdiction that we would have to wait until a final judgment. So there would be no, there would be no point of appealing that. There's certain claims perhaps we could, my understanding is Second Circuit federal practice. I think, Judge Perez, you did get it right though about the data. It's, these are data questions that need to sort of be resolved through discovery. And in fact, I know that Mr. Osowski didn't have the benefit of being involved so much in the other cases, but Harewood actually pled almost identical facts to Bernstein and did survive the motion to dismiss. And she actually lost on summary judgment, but we had a full development of the record and the judge in that case recognized that we should be able to fully plead everything. And so we, you know, we were able to show, but there were, the age comments were not any more significant in that case than this case. There was a similar pattern of 10 teachers and a lot of suggestions of building a case, intentionally building a case. And if you look at the cases out there, Mr. Osowski also is not correct that planning to retire, mentioning planning to retire, we didn't concede that that by itself is evidence of some discrimination. And those kinds of comments could be problematic. Rosen is a case that recently came down. But isn't it also the case that it is not inherent that discussions of retirement alone establishes that this is, that might not be enough in certain cases. Don't the cases indicate that as well? There are cases, there's not a set standard. There's been cases that some judges have found just the mere mention of retirement. In this context though, when you have teachers who are, you know, on a salary scale, in a union setting, it seems to be a little bizarre to be focusing on the retirement. But, are there any comments, age related comments beyond the reference to retirement in this case? In this particular case, I think it was just the retirement comments and the evidence of all these older teachers being sort of forced out. The Lively case I think is distinguishable. I know that case is out there. I think in that case it was conceded and the record was clear that that person was terminated for like sexual harassment allegations. And so the evidence was actually in the record there. Here you have a much murkier picture as to why, you know, he's all of a sudden getting, they're building a record. And if you look at the U.S., United States v. Department of Education case from the Southern District in 2018, intentionally building a record of unsatisfactory observations in order to oust them was considered. And I think the Department of Justice took that case and found that those teachers, there were numerous teachers in that case, they found that that was sufficient. When you say intentionally building a record, what is the evidence in support of that assertion? That the principal here is intentionally building a record of... Well, I think you have to be somewhat familiar with how the New York City school system works. But what they do is that if you want to counsel someone out of the system, you start to give them unsatisfactory observations. And I think to Judge Perez's point, it may be relevant that if you have a clean record, and all of a sudden at the end of your career, everything you do is developing or ineffective, there is a suggestion that that might play into the idea that there is some kind of discrimination at work because someone who has been fined for, let's say, 30 years, and all of a sudden the last two years, everything is ineffective. And that's a... The employer, you know, they have a lot of discretion to rate teachers. And so a teacher who was effective for many years, all of a sudden ineffective, some judges have recognized that that's at least inferential to some kind of discriminatory pattern based on age. And if they do it to a lot of teachers in the school, that does suggest age discrimination. And I guess I would ask the court to just consider a more firm standard, if they can, of this case. I don't think you're prejudicing the DOE by allowing us to, you know, flesh out the record in this case. And so going forward, when these cases are brought, there'll be a clear standard as to, you know, what's appropriate for motion to dismiss because we have a number of cases that we bring on this, and sometimes we win, sometimes we don't. And it's, you know, it's hard to understand if the law, if every judge sees it differently. So I think the Second Circuit's in a unique position to create a standard that would be clear for the judges to operate by. Thank you. Thank you both. We'll take the case under advisement.